UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

STRAIGHTPATH VENTURE PARTNERS LLC,
*et al.*,

Defendants.

RECEIVED

JUN - 1 2022

JUDGE KAPLAN'S CHAMBERS

22 Civ. 3897 (LAK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/22

8: 22mc228

*(left margin, rotated)* FILED U.S. DISTRICT COURT DISTRICT OF NEBRASKA 2022 JUN 24 AM 11:19 OFFICE OF THE CLERK

[~~PROPOSED~~] CONSENT ORDER APPOINTING RECEIVER

**WHEREAS** this matter has come before this Court upon the emergency motion of Plaintiff Securities and Exchange Commission ("Plaintiff" or the "Commission") to appoint a receiver in the above-captioned action to protect investors in SP Ventures Fund LLC, SP Ventures Fund 2 LLC, SP Ventures Fund 3 LLC, SP Ventures Fund 4 LLC, SP Ventures Fund 5 LLC, SP Ventures Fund 6 LLC, SP Ventures Fund 7 LLC, SP Ventures Fund 8 LLC, and SP Ventures Fund LLC 9 (collectively, the "SP Funds"), which are managed by Defendant StraightPath Venture Partners LLC (the "SP Fund Manager") and which are advised by Defendant StraightPath Management LLC (the "SP Adviser") (together, SP Funds, the SP Fund Manager, and the SP Adviser are the "Receivership Entities");

**WHEREAS** following the Court's entry of the Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief (Dkt. No. 16), Defendants filed a memorandum of law in opposition to the Commission's motion;

**WHEREAS** the parties have consulted in good faith regarding their disputes concerning what Court-ordered measures would be appropriate to protect investors pending the outcome of this litigation;

**WHEREAS** to resolve these disputes and the issues raised by the Commission's motion, the parties have agreed, based on their discussions and correspondence, to the following terms concerning the appointment of a receiver without any waiver of the Defendants' rights to contest all claims, allegations, and causes of action asserted against them in this action, and without any waiver of the Individual Defendants' (as defined below) rights to later seek to modify, vacate, or terminate the receiver's appointment or to challenge the appropriateness of any actions by the receiver;

**WHEREAS** the Court finds that, based on the record of the proceedings, and for good cause shown, it accepts the parties' Proposed Consent Order Appointing Receiver for the appointment of a receiver for the purpose of marshaling and preserving the assets of the Receivership Entities and the Escrow Funds (as defined in the Stipulated and Consent Order Imposing Preliminary Injunction and Other Relief (the "PI Order")) (together, the "Receivership Assets"), as well as any assets of the Receivership Entities that are (a) held in constructive trust for the Receivership Entities as determined by the Court; (b) were fraudulently transferred out of Receivership Entities as determined by the Court; and/or (c) may otherwise be includable as assets specifically covered by this Order (collectively, the "Recoverable Assets");

**WHEREAS** this Court has subject matter jurisdiction over this action, personal jurisdiction over the Receivership Entities and Defendants Brian K. Martinsen ("Martinsen"), Michael A. Castillero ("Castillero"), Francine A. Lanaia ("Lanaia"), and Eric D. Lachow ("Lachow") (together, Martinsen, Castillero, Lanaia, and Lachow are the "Individual Defendants"), and venue properly lies in this District.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

## I.   Marshalling of Receivership Assets

This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the Receivership Entities.

2

The Receivership Assets include, without limitation, the financial and transfer agent accounts listed on Exhibit A. The Receivership Assets and/or Recoverable Assets also include shares of, rights to shares of, and/or forward contracts concerning the shares of private companies that have the potential for sale or public offering ("Pre-IPO Shares"), including, without limitation, Pre-IPO Shares of the companies listed on Exhibit B.

Accordingly, all persons and entities with direct or indirect control over any Receivership Assets and/or Recoverable Assets other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing such assets. This judicial possession and restraint shall include, but not be limited to, Receivership Assets and/or Recoverable Assets that are on deposit with financial institutions such as banks, brokerage firms, and mutual funds. This judicial possession and restraint shall also include, but not be limited to, all assets, deposits, interests and holdings that are directly or indirectly managed by the SP Fund Manager or the SP Adviser.

## II.     Appointment of the Receiver

Until further Order of this Court, Melanie L. Cyganowski is hereby appointed to serve without bond as receiver (the "Receiver") for the estate of the Receivership Entities (collectively, the "Receivership Estate").

## III.     Plan Regarding Shortfalls in Pre-IPO Shares

In the event that the Receiver determines that there is cause to believe that any of the Receivership Entities does not have enough Pre-IPO Shares to cover all outstanding investments, any of Martinsen, Castillero, or Lanaia (together, the "Named Individuals") may make a proposal to the Receiver, with notice to the Commission, to use the Escrow Funds to purchase enough Pre-IPO Shares to cover any such shortfall(s). Any such notice shall include the proposed number of Pre-

IPO Shares to be purchased, price per share, seller of the shares, and anticipated timing of closing on the share purchase.

## IV.      General Powers and Duties of the Receiver

The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the Receivership Entities under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed. R. Civ. P. 66, except to the extent noted otherwise below and except that the Receiver shall seek leave of Court prior to initiating any affirmative litigation against any of the Individual Defendants or their personal assets, including to bring any affirmative litigation against the personal assets of the Named Individuals ("Individual Assets").[1] The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Receivership Entities including, but not limited to, the Named Individuals, are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended. Such persons and entities shall have no authority with respect to the Receivership Entities' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver or the Court. The Receiver shall assume and control the operation of the Receivership Entities and shall pursue and preserve all of their claims.

No person holding or claiming any position of any sort with any of the Receivership Entities shall possess any authority to act by or on behalf of any of the Receivership Entities.

Subject to the specific provisions in Sections V through XVI, below, the Receiver shall have the following general powers and duties:

---

[1]      The Individual Assets of the Named Individuals include, without limitation, the accounts and other property listed on Exhibit C.

4

A.  To use reasonable efforts to determine the nature, location, and value of all Receivership Assets, Recoverable Assets, and property interests of the Receivership Entities, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights, economic interests, and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Entities own, possess, have a beneficial interest in, or control directly or indirectly (collectively, "Receivership Property");

B.  To take custody, control, and possession of all Receivership Property, and records relevant thereto, from the Receivership Entities and the Individual Defendants;

C.  To sue for and collect, recover, receive, and take into possession from third parties all Receivership Property and records relevant thereto;

D.  To manage, control, operate, and maintain the Receivership Estate and hold in the Receiver's possession, custody and control all Receivership Property, pending further Order of this Court;

E.  To use Receivership Property for the benefit of the Receivership Estate, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging the Receiver's duties as Receiver;

F.  To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, members, managers, trustees, and agents of the Receivership Entities;

G.  To engage and employ persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, experts, and others that the Receiver deems necessary to assist in carrying out the Receiver's duties and responsibilities hereunder, subject to prior order of the Court and in accordance with the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions");

H.  To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

I.  The Receiver is authorized, without further Order of the Court, to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

J.  To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging the Receiver's duties as Receiver;

K.  To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estate;

L.  To make necessary or required filings in the counties, states, and/or jurisdictions in which the Receivership Property is located in order to secure these assets;

5

M.     To propose a liquidation plan for the Receivership Property to the Court upon motion;

N.     To propose a distribution plan for the Receivership Property to investors to the Court upon motion; and

O.     To take such other action as may be approved by this Court.

With respect to any documents or communications containing information that would be protected by the attorney-client privilege or any other privilege held by any of the Receivership Entities, the Receiver shall not have the power or authority to waive any such privilege as to documents or communications that existed before the Receiver's appointment absent leave of the Court ("Pre-Appointment Privileged Materials"). To waive any privilege over such Pre-Appointment Privileged Materials, the Receiver must obtain the Court's authorization to do so upon a motion by the Receiver. Defendants shall have the right to file a response in opposition to any such motion.

## V.     Access to Information

The past and/or present officers, directors, agents, managers, members, trustees, attorneys, accountants, and employees of the Receivership Entities, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Entities and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts, and all other instruments and papers (collectively, "Books and Records"). Notwithstanding the foregoing, the Individual Defendants and their counsel shall be under no obligation to provide any Pre-Appointment Privileged Materials to the Receiver, and the Receiver shall not be permitted to receive or review any Pre-Appointment Privileged Materials absent leave of the Court. To the extent any of the Books and Records contains information protected by any personal attorney-client privilege of any of the Individual Defendants ("Personal Privileged Materials"), the Individual

6

Defendants also shall be under no obligation to provide any Personal Privileged Materials to the Receiver, and the Receiver shall not be permitted to receive or review any Personal Privileged Materials absent leave of the Court.

Within fourteen (14) days of the entry of this Order, the Named Individuals shall provide to the Receiver and the Commission a sworn statement listing, to the best of their knowledge, (a) all Receivership Assets, including the bank, securities, or other financial institution accounts holding such Receivership Assets, (b) all Individual Assets, including the bank, securities, or other financial institution accounts holding such Individual Assets, and (c) all liabilities of either the Receivership Entities or the Named Individuals. The sworn statement shall also state that, to the best of the Named Individuals' knowledge, all books and records required to be provided to the Receiver by Section VI, below, have been provided to the Receiver.

All of the Individual Defendants shall cooperate fully with the Receiver in the Receiver's efforts to carry out the obligations and duties set out above, subject to the Individual Defendants' constitutional rights as noted below. To that end, the Individual Defendants shall reasonably make themselves available through counsel or in person with the consent of their counsel to provide the Receiver with information and assist the Receiver in transferring any assets covered by this Order to the Receiver's control. The Receivership Entities are also required to assist the Receiver in fulfilling the Receiver's duties and obligations. As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

The Receivership Entities' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers, general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Entities, or any other matter relevant to the

7

operation or administration of the Receivership Estate or the collection of funds due to the Receivership Entities or the Individual Defendants. Notwithstanding the foregoing, the Individual Defendants shall answer under oath or proffer truthful but unsworn information through their counsel answering all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Entities, or any other matter relevant to the operation or administration of the Receivership Estate or the collection of funds due to the Receivership Entities or the Individual Defendants. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure and applicable Local Civil Rules.

Notwithstanding the foregoing, the Individual Defendants shall reserve any rights they may have to decline to respond to questions or requests by the Receiver under the Fifth or Sixth Amendment of the United States Constitution, and nothing in this Order shall be construed as a waiver of their Fifth and Sixth Amendment rights.

## VI.     Access to Books, Records, and Accounts

The Receiver is authorized to take immediate possession of all assets, bank accounts, or other financial accounts, books and records and all other documents or instruments subject to this Order, with the exception of Pre-Appointment Privileged Materials as discussed above. All persons and entities having control, custody, or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

The Receivership Entities as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Entities, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business,

8

books, records, accounts, or Receivership Property and/or Recoverable Assets are hereby directed

to deliver the same to the Receiver, the Receiver's agents, and/or the Receiver's employees.

All banks, brokerage firms, financial institutions, and other persons or entities which have

possession, custody, or control of any Receivership Property or any assets or funds held by, in the

name of, or for the benefit of, the Receivership Entities that receive actual notice of this Order by

personal service, facsimile transmission or otherwise shall:

- A.   Not liquidate, transfer, sell, convey, or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Entities except upon instructions from the Receiver;

- B.   Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

- C.   Within five (5) business days of receipt of that notice, serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

- D.   Cooperate expeditiously in providing information and transferring funds, assets, and accounts to the Receiver or at the direction of the Receiver.

Any other third parties that may have relevant documentation or information concerning

Pre-IPO Shares, such as the companies that issued the Pre-IPO Shares, the transfer agents for those

companies, and the counterparties with whom the Receivership Entities and/or the Individual

Defendants contracted in order to acquire Pre-IPO Shares, shall cooperate with the Receiver in

fulfilling the Receiver's duties as set forth in this Order.

## VII.   Access to Real and Personal Property

The Receiver is authorized to take immediate possession of the Recoverable Assets and all

personal property of the Receivership Entities, wherever located, including but not limited to

electronically stored information, computers, laptops, hard drives, external storage drives, and any

other such memory, media or electronic storage devices, books, papers, data processing records,

evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage

records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, and equipment. Notwithstanding the foregoing, Books and Records of the Receivership Entities and Pre-Appointment Privileged Materials as well as Personal Privileged Materials shall be handled in accordance with the procedure as set forth in Section V above.

The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Entities, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

## VIII.   Notice to Third Parties

The Receiver shall promptly give notice of the Receiver's appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and members of the Receivership Entities, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

All persons and entities owing any obligation, debt, or distribution with respect to Recoverable Assets or Receivership Assets shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Entity had received such payment.

In furtherance of the Receiver's responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity, or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estate. All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the Commission.

10

The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any of the Receivership Entities (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Entities. The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The Receivership Entities shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver. All personal mail of any Individual Defendants, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented or used by the Receivership Entities. The Receivership Entities shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository or courier service.

Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage, or trash removal services to the Receivership Entities shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

### IX.    Injunction Against Interference with Receiver

The Receivership Entities, the Individual Defendants, and all persons receiving notice of this Order by personal service, facsimile, or otherwise, are, subject to the terms of this Order, hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

A.    Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include, but are not limited to,

using self-help or executing or issuing or causing the execution or issuance of any
court attachment, subpoena, replevin, execution, or other process for the purpose of
impounding or taking possession of or interfering with or creating or enforcing a lien
upon any Receivership Property;

B.   Hinder, obstruct or otherwise interfere with the Receiver in the performance of the
Receiver's duties; such prohibited actions include but are not limited to, concealing,
destroying or altering records or information;

C.   Dissipate or otherwise diminish the value of any Receivership Property; such
prohibited actions include but are not limited to, releasing claims or disposing,
transferring, exchanging, assigning or in any way conveying any Receivership
Property, enforcing judgments, assessments or claims against any Receivership
Property or any Receivership Entity, attempting to modify, cancel, terminate, call,
extinguish, revoke, or accelerate the due date of any lease, loan, mortgage,
indebtedness, security agreement or other agreement executed by any Receivership
Entity or which otherwise affects any Receivership Property; or,

D.   Interfere with or harass the Receiver, or interfere in any manner with the exclusive
jurisdiction of this Court over the Receivership Estate.

The Receiver shall promptly notify the Court and the Commission's counsel of any failure or

apparent failure of any person or entity to comply in any way with the terms of this Order.

## X.   Stay of Litigation

As set forth in detail below, the following proceedings, excluding the instant proceeding and

all police or regulatory actions and actions of the Commission related to the above-captioned

enforcement action, are stayed until further Order of this Court:

All civil legal proceedings of any nature, including, but not limited to, bankruptcy
proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other
actions of any nature involving: (a) the Receiver, in his or her capacity as Receiver; (b) any
Receivership Property, wherever located; (c) any of the Receivership Entities including
subsidiaries and affiliates; or (d) any of the Receivership Entities' past or present officers,
directors, managers, agents, or members sued for, or in connection with, any action taken by
them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party
plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as
"Ancillary Proceedings").

The parties to any and all Ancillary Proceedings are enjoined from commencing or

continuing any such legal proceeding, or from taking any action, in connection with any such

proceeding, including, but not limited to, the issuance or employment of process.

All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Entities against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

The action *Advisory Management Ltd. v. StraightPath Venture Partners LLC*, Civ. No. 153453/2021 (N.Y. Sup. Ct.), is an Ancillary Proceeding.

The parties to any current or prospective Ancillary Proceedings may seek relief from the provisions of this Section from the Court, after first notifying the Receiver, the Commission counsel, and the Individual Defendants' counsel of their intent to do so on three (3) business days notice so that they may provide their respective positions on the application.

## XI.   Managing Assets

The Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds") including, without limitation, the accounts described in Section VIII of the PI Order.

The Individual Defendants may formulate and propose to the Receiver plans for the liquidation and/or distribution to investors of any of the Receivership Estate, Receivership Assets, Recoverable Assets and/or Receivership Property.

If appropriate, the Receiver shall formulate and propose to the Court, on motion, plans for the liquidation and/or distribution to investors of any of the Receivership Estate, Receivership Assets, Recoverable Assets and/or Receivership Property.

The Receiver may use the Escrow Funds for any appropriate purpose, including purchasing Pre-IPO Shares to rectify any share shortfalls, provided that the Receiver obtains Court approval for

such use of the Escrow Funds through a motion to this Court. However, as set forth in Section VIII of the PI Order, the Receiver shall not use more than $1,150,000 of the Escrow Funds for fees and expenses associated with the operation of the receivership (such as, for example, fees to compensate the Receiver and persons and entities retained to assist the Receiver). Any portion of the Escrow Funds remaining at the end of the receivership shall be placed in a separate interest-bearing escrow account on terms agreed upon by the parties to this Action (the "Remaining Escrow Funds"), or ordered by the Court, in order to satisfy any judgment against the Named Individuals in this Action. If no judgment is entered against the Named Individuals, the escrow agent may disburse the Remaining Escrow Funds to the Named Individuals.

Notwithstanding the foregoing, the Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than the Escrow Funds, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property, but in no event shall the Receiver make any payments or transfers of Receivership Property or Receivership Funds of a value in excess of $10,000.00 without prior Order of the Court.

Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estate.

The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estate, including making legally required payments to creditors, employees, and agents of the Receivership Estate and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

14

To the extent appropriate, the Receiver shall take all necessary steps to enable the
Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the
meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable
whether proposed, temporary or final, or pronouncements thereunder, including the filing of the
elections and statements contemplated by those provisions. The Receiver shall be designated the
administrator of the Settlement Fund, pursuant to Treas. Reg. § 1.468B-2(k)(3)(i), and shall satisfy
the administrative requirements imposed by Treas. Reg. § 1.468B-2, including but not limited to (a)
obtaining a taxpayer identification number, (b) timely filing applicable federal, state, and local tax
returns and paying taxes reported thereon, and (c) satisfying any information, reporting or
withholding requirements imposed on distributions from the Settlement Fund. The Receiver shall
cause the Settlement Fund to pay taxes in a manner consistent with treatment of the Settlement
Fund as a "Qualified Settlement Fund." The Receivership Entities and the Individual Defendants
shall cooperate with the Receiver in fulfilling the Settlement Funds' obligations under Treas. Reg.
§ 1.468B-2, subject to the Individual Defendants' constitutional rights as set forth above.

## XII.    Investigate and Prosecute Claims

Subject to the requirement, in Sections IV and X above, that leave of this Court is required
to resume or commence certain litigation, the Receiver is authorized, empowered, and directed to
investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust
actions in any state, federal or foreign court or proceeding of any kind as may in the Receiver's
discretion, and in consultation with the Commission's counsel, be advisable or proper to recover
and/or conserve Receivership Property.

Subject to the Receiver's obligation to expend Receivership Funds in a reasonable and cost-
effective manner, the Receiver is authorized, empowered, and directed to investigate the manner in
which the financial and business affairs of the Receivership Entities were conducted and (after

15

obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order. Where appropriate, the Receiver should provide prior notice to Counsel for the Commission before commencing such investigations and/or actions.

The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, the Receiver's Retained Personnel (as that term is defined below), and the Receivership Estate and/or Receivership Property.

## XIII.  Bankruptcy Filings

The Receiver may, upon no less than fourteen (14) days notice to the Commission and the Individual Defendants, seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Entities. If a Receivership Entity is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estates as, a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity, subject to the limitations of this Order and the PI Order. Pursuant to Section IV above, the Receiver is vested with management authority for all Receivership Entities and may therefore file and manage a Chapter 11 petition.

The provisions of Section X above bar any person or entity, other than the Receiver, from placing any of the Receivership Entities in bankruptcy proceedings.

16

## XIV.   **Liability of Receiver**

Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with the Receiver's fiduciary obligations in this matter.

The Receiver and the Receiver's agents, acting within scope of such agency ("Retained Personnel"), are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

## XV.   **Recommendations and Reports**

The Receiver is authorized, empowered, and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property. If appropriate, the Receiver is also authorized and empowered to develop a plan for the fair, reasonable, and efficient distribution of the Receivership Property to investors in any of the SP Funds. The Receiver shall seek Court approval by motion for any such liquidation or distribution plan.

Within thirty (30) days after the entry of this Order, the Receiver shall file and serve a full report and accounting of both Receivership Assets and Individual Assets (the "First Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Assets and Individual Assets, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estate. To the extent necessary, and in compliance with the Local Civil Rules in this District and/or the Court's individual rules, the Receiver may file portions of the First Status Report under seal. For good cause shown, the Receiver may seek leave of Court to extend the date by which to file the First Status Report.

Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estate.

The Quarterly Status Report shall contain the following:

A. A summary of the operations of the Receiver;

B. The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the Receivership Estate;

C. An itemization by SP Fund series of the number of Pre-IPO Shares purchased by each SP Fund series;

D. An itemization by SP Fund series of the number of investment interests in Pre-IPO Shares sold to investors by each SP Fund series, the SP Fund Manager, or the SP Adviser;

E. An inventory of the Pre-IPO Shares held by the Receivership Entities;

F. A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

G.  A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

H.  A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

I.  A list of all known creditors with their addresses and the amounts of their claims;

J.  The status of any creditor claims process or proceeding, after such process or proceeding have been commenced; and

K.  The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

To the extent necessary, and in compliance with the Local Civil Rules in this District and/or

the Court's individual rules, the Receiver may file portions of the Quarterly Status Report under seal.

On the request of the Commission, the Receiver shall provide the Commission with any

documentation that the Commission deems necessary to meet its reporting requirements, that is

mandated by statute or Congress, or that is otherwise necessary to further the Commission's

mission.

## XVI.  Fees, Expenses, and Accountings

Subject to the provisions in Section XI above and immediately below, the Receiver need not

obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary

course of the administration and operation of the receivership.  Further, prior Court approval is not

required for payments of applicable federal, state, or local taxes.

Subject to the following provision, the Receiver is authorized to solicit persons and entities

to assist the Receiver in carrying out the duties and responsibilities described in this Order (i.e.,

Retained Personnel).  The Receiver shall not engage any Retained Personnel without first obtaining

an Order of the Court authorizing such engagement.

19

The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the Billing Instructions agreed to by the Receiver. Such compensation shall require the prior approval of the Court.

Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the Commission a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by the Commission.

All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court in the Commission staff's discretion or such other percentage holdback as the Court may order on its own motion or on the request of the Commission or the Individual Defendants. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

Each Quarterly Fee Application shall:

A.  Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

B.  Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express, or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by the Commission's staff, as well as the Receiver's final application for compensation and expense reimbursement.

## XVII.  Defendants' Rights to Object

Nothing herein shall be construed to prevent the Individual Defendants from filing or opposing any motions concerning the receivership or any actions or omissions by the Receiver.

**SO ORDERED.**

Dated: ___June 14___, 2022
New York, New York

Hon. Lewis A. Kaplan
United States District Judge

## EXHIBIT A*

| Account Name | Financial Institution | Account Type | Last Four Digits of Account Number |
|---|---|---|---|
| SP Venture Partners LLC | TD Ameritrade | Brokerage | 1351 |
| SP Ventures Fund 2 LLC | Signature Bank | Bank | 4495 |
| SP Ventures Fund 2 LLC | Axos Clearing | Brokerage | 0887 |
| SP Ventures Fund 2 LLC | Pershing | Brokerage | 8866 |
| SP Ventures Fund 2 LLC | RBC | Brokerage | 4659 |
| SP Ventures Fund 2 LLC | TD Ameritrade | Brokerage | 1363 |
| SP Ventures Fund 3 LLC | Signature Bank | Bank | 4883 |
| SP Ventures Fund 3 LLC | Axos Clearing | Brokerage | 1083 |
| SP Ventures Fund 3 LLC | Axos Clearing | Brokerage | 1202 |
| SP Ventures Fund 3 LLC | Pershing | Brokerage | 8874 |
| SP Ventures Fund 3 LLC | RBC | Brokerage | 4669 |
| SP Ventures Fund 4 LLC | Signature Bank | Bank | 8005 |
| SP Ventures Fund 4 LLC | Axos Clearing | Brokerage | 3933 |
| SP Ventures Fund 4 LLC | Pershing | Brokerage | 8882 |
| SP Ventures Fund 4 LLC | RBC | Brokerage | 4861 |
| SP Ventures Fund 5 LLC | Signature Bank | Bank | 8080 |
| SP Ventures Fund 5 LLC | Axos Clearing | Brokerage | 8131 |
| SP Ventures Fund 5 LLC | Pershing | Brokerage | 8890 |
| SP Ventures Fund 5 LLC | RBC | Brokerage | 4862 |
| SP Ventures Fund 6 LLC | Signature Bank | Bank | 8099 |
| SP Ventures Fund 6 LLC | Axos Clearing | Brokerage | 5683 |
| SP Ventures Fund 6 LLC | Pershing | Brokerage | 8908 |
| SP Ventures Fund 6 LLC | RBC | Brokerage | 4868 |
| SP Ventures Fund 7 LLC | Signature Bank | Bank | 3459 |
| SP Ventures Fund 7 LLC | Axos Clearing | Brokerage | 5580 |
| SP Ventures Fund 7 LLC | Pershing | Brokerage | 8916 |
| SP Ventures Fund 7 LLC | RBC | Brokerage | 4869 |
| SP Ventures Fund 8 LLC | Signature Bank | Bank | 3467 |
| SP Ventures Fund 8 LLC | Axos Clearing | Brokerage | 0017 |
| SP Ventures Fund 8 LLC | Axos Clearing | Brokerage | 2953 |
| SP Ventures Fund 8 LLC | Pershing | Brokerage | 8924 |
| SP Ventures Fund 8 LLC | RBC | Brokerage | 2756 |
| SP Ventures Fund 8 LLC | StoneX Financial | Brokerage | 4098 |

| SP Ventures Fund 9 LLC | Signature Bank | Bank | 5329 |
|---|---|---|---|
| SP Ventures Fund LLC | JPMorgan Chase | Bank | 9821 |
| SP Ventures Fund LLC | Signature Bank | Bank | 2298 |
| SP Ventures Fund LLC | Axos Clearing | Brokerage | 3063 |
| SP Ventures Fund LLC | Pershing | Brokerage | 8791 |
| SP Ventures Fund LLC | RBC | Brokerage | 4658 |
| SP Ventures Fund LLC | TD Ameritrade | Brokerage | 1330 |
| StraightPath Holdings Inc | JPMorgan Chase | Bank | 2527 |
| StraightPath Holdings LLC | Signature Bank | Bank | 2670 |
| StraightPath Management Inc | JPMorgan Chase | Bank | 9678 |
| StraightPath Management LLC | Signature Bank | Bank | 2689 |
| Straightpath Venture Partners | Axos Clearing | Brokerage | 0163 |
| Straightpath Venture Partners | RBC | Brokerage | 4657 |
| StraightPath Venture Partners Inc | JPMorgan Chase | Bank | 7691 |
| StraightPath Venture Partners LLC | Signature Bank | Bank | 2662 |
| Straightpath Venture Ptnrs LLC | Pershing | Brokerage | 8767 |
| StraightPath Venture Partners LLC (Blend securities) | Computershare | Transfer Agent | 3042 |

*Inclusion of these assets is not an admission or reference that any such asset constitutes, is derived from, or is traceable to proceeds of the alleged securities law violations asserted by the SEC.

EXHIBIT B*

| Pre-IPO Shares |
| --- |
| Automation Anywhere |
| Chime |
| Dataminr |
| Eat Just |
| Flexport |
| Impossible Foods |
| Insurance Zebra |
| Klarna |
| Kraken |
| Plaid |
| Rubrik |
| Scopely |
| SpaceX |
| ThoughtSpot |
| Triller |
| Virgin Hyperloop |
| Zipline |

*Inclusion of these assets is not an admission or reference that any such asset constitutes, is derived from, or is traceable to proceeds of the alleged securities law violations asserted by the SEC.

EXHIBIT C*

| Personal Financial Accounts | | | |
|---|---|---|---|
| **Account Name** | **Financial Institution** | **Account Type** | **Last Four Digits of Account Number** |
| **Brian Martinsen** | | | |
| Niss LLC | Chase Bank | Bank Savings | 2839 |
| Niss LLC | Chase Bank | Bank Checking | 5267 |
| BKM Consulting | Chase Bank | Bank Savings | 8616 |
| BKM Consulting | Chase Bank | Bank Checking | 3967 |
| BKM Consulting | Chase Bank | Bank Checking | 5668 |
| Brian and Amanda | Chase Bank | Bank Savings | 2655 |
| Brian Martinsen | Chase Bank | Bank Savings | 5703 |
| Niss LLC | Charles Schwab | Brokerage | 1015 |
| BKM Consulting | Charles Schwab | Brokerage | 437 |
| BKM Consulting SEP IRA Brian and Amanda | Charles Schwab | Brokerage | 489 |
| Brian Martinsen | Coinbase Account | Custodial Cryptocurrency | n/a |
| **Michael Castillero** | | | |
| Charee Corp. | Chase Bank | Bank | 6776 |
| Charee Corp. | Chase Bank | Bank | 6780 |
| Charee Corp. | Wells Fargo | Bank | 1533 |
| Michael Castillero | Citibank | Bank | 6147 |
| Michael Castillero | Bank of America | Bank | 576 |
| Michael Castillero - Individually | TD Ameritrade | Brokerage | 1734 |
| Michael Castillero - SEP IRA | TD Ameritrade | Brokerage | 2267 |
| Michael Castillero | Coinbase Account | Custodial Cryptocurrency | n/a |
| 24 Haywood LLC | Chase Bank | Bank | 6776 |
| 24 Haywood LLC | Chase Bank | Bank Savings | 9589 |
| Nikki Castillero** | Chase Bank | Bank Checking | 4548 |
| **Francine Lanaia** | | | |
| Francine Lanaia | Capital One | Bank Checking | 1986 |
| Francine Lanaia | Capital One | Bank Savings | 201 |
| Francine Lanaia | Bethpage Federal Credit Union | Credit Union | 5754 |
| Francine Lanaia | Jovia Credit Union | Credit Union | 1901 |
| Francine Lanaia | Chase Bank | Bank | 9297 |
| Francine Lanaia | TD Bank | Bank | |

| Francine Lanaia | Ameriprise | Brokerage | 5133 |
| Francine Lanaia - Individually | TD Ameritrade | Brokerage | 5519 |
| Francine Lanaia - SEP IRA | TD Ameritrade | Brokerage | 7520 |

| Other Personal Assets |
|---|
| **Brian Martinsen** |
| Vehicle # 1 License Plate XXX-XXX |
| Vehicle # 2 License Plate XXX-XXX |
| Vehicle # 3 License Plate XXX-XXX |
| Watches/Jewelry |
| Prop plane |
| Shared ownership Boat (with Michael Castillero) |
| Boat |
| **Michael Castillero** |
| Vehicle # 1 License Plate XXX-XXX |
| Vehicle # 2 License Plate XXX-XXX |
| Vehicle # 3 License Plate XXX-XXX |
| Vehicle # 4 License Plate XXX-XXX |
| Vehicle # 5 License Plate XXX-XXX |
| Watches/Jewelry |
| Shared ownership Boat (with Brian Martinsen) |
| Commodities (Gold) |
| **Francine Lanaia** |
| Vehicle # 1 License Plate XXX-XXX |
| Vehicle # 2 License Plate XXX-XXX |
| Commodities (Gold) |

*Exhibit C consists of material individual assets of Brian Martinsen, Michael Castillero and Francine Lanaia that have been identified based on good faith efforts under the time constraints imposed as a result of the SEC's pending motion and request for expedited discovery. Inclusion of these assets is not an admission or reference that any such asset constitutes, is derived from, or is traceable to proceeds of the alleged securities law violations asserted by the SEC.

**Inclusion of Chase Bank Account ending -4548 is not an admission that Brian Martinsen, Fran Lanaia, or Michael Castillero have direct or indirect ownership of this property or a legal property interest in this property.